IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 03-cv-02272-RPM

KIM SYMES, and
CHRISTOPHER PAUL NORTHCOTT,

    Plaintiffs,

v.

STEPHEN R. HARRIS,
MAGDALEN J. HARRIS, and
ROTALOC INT'L, LLC,

    Defendants

---

ORDER OF DISMISSAL

---

On November 10, 2005, the court issued an order to show cause questioning subject matter jurisdiction. The plaintiffs responded on November 29, 2005. The response fails to show jurisdiction. The defendants do not oppose dismissal for lack of jurisdiction.

The pleadings in this case address the plaintiffs' claim that Kim Symes ("Symes"), Christopher Paul Northcott ("Northcott"), and Stephen Harris ("Harris") are partners in a partnership that conducted business as Rotaloc Int'l, LLC ("RIL") and Rotaloc (Europe) LTD ("REL"). RIL is named as a defendant. REL, a corporation organized under the laws of the United Kingdom, has not been named as a party.

The plaintiffs argue that neither REL nor RIL is a necessary or indispensable party because all of the alleged partners are present in this action. That response fails to appreciate that RIL and

REL are entities having their own separate identities and does not give sufficient consideration to how that factor relates to the plaintiffs' claims and the relief requested.

Defendant RIL is a Colorado limited liability company ("LLC"). LLCs are creatures of statute. RIL was organized and exists according to the provisions of the Colorado Limited Company Act, C.R.S. § 7-80-101 *et seq.* There is no dispute that RIL was organized in 1999 with Harris and his wife Magdalen Harris as the members. The plaintiffs claim that as a result of a partnership agreement, RIL is owned 30% by Northcott, 30% by Symes, and 40% by Harris. It is unclear whether the plaintiffs seek to reconstitute the membership of the LLC, or whether they are asserting that RIL's identity as an LLC should be disregarded and the entity treated as a general partnership. Either way, the relief requested could not be granted without RIL's presence in this action. The plaintiffs request an accounting and specific performance to resolve conflicts over the distribution of profits and disputes about the ownership, control, and use of RIL's assets, in particular manufacturing tooling and a trademark for which RIL is the registered owner. No determinations about those ownership rights could be made in the absence of RIL.

The same is true for REL. As set forth above, REL is a corporation organized under the laws of the United Kingdom with its principal place of business in the UK. REL was organized with Symes as its sole shareholder. A corporation has an identity that is separate from its shareholder(s).[1] The plaintiffs claim that as partners, Northcott owns 30%, Symes owns 30 %, and Harris owns 40% of REL. (Compl. ¶¶ 43-45). The plaintiffs state that "the business of REL would be an asset of the partnership." (Pls.' resp. to order to show cause at 7). Again the

---

[1] Notably, the plaintiffs cited this principle in resisting the defendants' request that they produce REL's financial records. (Pls.' resp. to mtn. to compel, at 2).

plaintiffs' theory is unclear: they may be asserting that REL is a general partnership rather than a corporation. Alternatively, they may be asking that Harris, Northcott and Symes, or perhaps RIL be recognized as REL's true shareholder(s). Any of these courses requires REL's presence as a party. Additionally, the plaintiffs' request for an accounting and for "specific performance" would require control of REL's assets. This court could not issue an order altering REL's corporate entity structure or account for and distribute the assets and liabilities without personal jurisdiction over REL. REL's interests are implicated, and "not even a person owning all of a corporation's shares can represent the interests of the corporation in a lawsuit." *Moore v. Simon Enter., Inc.*, 919 F.Supp. 1007, 1011 (N.D. Tex. 1995). That is particularly true here because those alleged to be the owners are in a basic dispute about their relationship.

Although the plaintiffs characterize their claims as direct claims by two partners against another, there are aspects of the plaintiffs' claims that are derivative in nature. The plaintiffs' fifth claim for breach of contract and the sixth claim for breach of fiduciary duty are claims for damages, including damages based on Harris's refusal to allow a non-party (X-Cel) to manufacture products for REL with manufacturing tooling belonging to the alleged partnership. (Compl. ¶¶ 45, 46). To the extent that the plaintiffs claim that Harris's actions damaged REL or that REL has an ownership interest in manufacturing tooling or the Rotaloc trademark, such claims belong to REL. Even in the case of a close corporation, a shareholder seeking to recover for damage to the corporation may be required to bring such claims as derivative claims. 12 B William M. Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations* § 5911.50. In a stockholder-derivative action, the corporation whose rights are being enforced should be included as

a party. *See Ross v. Bernhard*, 396 U.S. 531, 538 (1970); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1615 (3d ed. 2001).

Significantly, because of the nature of the plaintiffs' claims, any adjudication in the absence of REL would subject the defendants to the risk of another lawsuit by REL.

Rule 19(a) of the Federal Rules of Civil Procedure addresses the subject of persons who should be joined if feasible. Section (a) states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

For the reasons set forth above, complete relief cannot be accorded in the absence of REL. The present record is not sufficient to determine whether REL is subject to service of process. If it is, and if REL were joined as a defendant, complete diversity would be lacking because REL is a UK corporation and the plaintiffs are citizens of the UK.

The plaintiffs' response states that the joinder of REL as a plaintiff would not destroy diversity. Rule 19(a) permits the joinder of a party as an involuntary plaintiff "in a proper case." The use of the involuntary plaintiff procedure is used mainly in patent or copyright actions where the presence of those persons having particular interests in the subject of the suit is necessary to

maintain the action. Wright, Miller & Kane, *Federal Practice and Procedure* § 1606. The plaintiffs have not shown why such a procedure is appropriate in this case.

The court must then determine whether "in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person thus being regarded as indispensable." Fed. R. Civ. P. 19(b). The factors to be considered include:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

For the reasons set forth above, any judgment rendered in REL's absence would be inadequate and would be prejudicial to it and to the defendants. This action must be dismissed.

Dismissal is also required because the allegations of the complaint fail to show that the plaintiffs and defendants are of diverse citizenship. Although a LLC has a separate identity from that of its members, for the purpose of determining diversity jurisdiction, courts generally apply the rule applicable to unincorporated associations and partnerships. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990). According to that rule, the citizenship of an LLC is determined by the citizenship of each of its members. *GMAC Comm'l Finance LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Cosgrove v. Bartolotta,* 150 F.3d 729, 731 (7th Cir. 1998); *Hale v. MasterSoft Int'l Pty. Ltd.,* 93 F.Supp.2d 1108, 1112 (D. Colo. 2000).

RIL was organized with two members – Stephen and Magdalen Harris – who are both citizens of Colorado. The plaintiffs, both citizens of the UK, seek declaratory relief recognizing

that they, along with Stephen Harris, own RIL.  If the plaintiffs are members of RIL, then complete diversity is lacking because the plaintiffs' citizenship counts for determining the citizenship of RIL.

The plaintiffs contend that the court's concern is unfounded because subject matter jurisdiction is determined as of the time of filing.  They assert that a court order declaring them to be members of RIL would be a subsequent development that would not divest of the court of jurisdiction.  Their position is that RIL's citizenship at the time of filing is determined by only the Colorado citizenship of Stephen and Magdalen Harris.

It is true that subject matter jurisdiction premised upon diversity of citizenship depends on the state of facts that existed at the time of filing.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004).  In *Grupo Dataflux*, the Supreme Court reaffirmed the rule that where there is no change of party, "jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Id.* at 574 (citing *Connolly v. Taylor*, 2 Pet. 556, 565 (1829)).

The subject matter of this action is a dispute over the composition of RIL's membership – the very "condition" that determines its citizenship.  Accepting the plaintiffs' allegations as true, an order declaring the plaintiffs' ownership interests would be a finding that they were members of RIL when the action was filed.

The court has an obligation to determine subject matter jurisdiction at every stage of the litigation. There is no federal jurisdiction based on diversity of citizenship when the plaintiffs' factual allegations undermine that basis for jurisdiction.

Based on the foregoing, it is

ORDERED that this civil action is dismissed without prejudice.

Dated: December 9th, 2005

                                        BY THE COURT:

                                        s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge